**Germain Manuel CAMEY–MIRANDA, Petitioner,**

v.

**John ASHCROFT, U.S. Attorney General, Respondent.**

No. 02–60971.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 23, 2004.

Mythili Reddy, Colleyville, TX, for Petitioner.

Anne M Estrada, US Immigration & Naturalization Service, Dallas, TX, Thomas Ward Hussey, Director, Terri Jane Scadron, Virginia M Lum, US Department of Justice, Civil Division Immigration Litigation, John Ashcroft, US Department of Justice, Washington, DC, Caryl G Thompson, US Immigration & Naturalization Service, District Directors Office, New Orleans, LA, for Respondents.

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM.[*]

Germain Manuel Camey–Miranda petitions for review of an order of the Board of Immigration Appeals affirming the Immigration Judge's decision to deny his application for cancellation of removal under the Immigration and Nationality Act. Camey contests the merits of the BIA's decisions that he was statutorily ineligible for cancellation of removal on the ground of moral character and because he failed to demonstrate the requisite hardship. The Respondent contends that Camey's petition should be dismissed for lack of jurisdiction because the BIA's determinations on hardship and moral character are discretionary determinations precluding judicial review.

This court does not have jurisdiction to review the Immigration Judge's discretionary determination that Camey's children would not suffer an "exceptional and extremely unusual hardship" if Camey were deported to Guatemala. *See* 8 U.S.C. § 1229b(b)(1)(D); 8 U.S.C. 1252(a)(2)(B)(I); *Bravo v. Ashcroft*, 341 F.3d 590, 592 (5th Cir.2003). Because the Immigration Judge's determination on hardship is fatal to Camey's application, and that determination is not reviewable, it is unnecessary to address the Immigration Judge's finding on moral character.

PETITION DISMISSED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.